# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE TOWN OF CAMDEN, a municipal corporation of the State of Delaware,

          Plaintiff,

v.

JAMES EDWARD GOLDSMITH, II,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. K18J-03097 NEP
In and for Kent County

## ORDER

Submitted: December 3, 2019
Decided: December 5, 2019

### *Upon Defendant's Motion for Reargument*
### DENIED

Before the Court is Defendant James Edward Goldsmith's (hereinafter "Mr. Goldsmith") Motion for Reargument of this Court's November 20, 2019, Order denying his Motion to Set Aside the Monition Sale of his home. This Order sets forth the Court's decision on Mr. Goldsmith's Motion for Reargument.

On October 16, 2018, the Sheriff of Kent County (hereinafter "the Sheriff") posted a Monition Notice declaring that Mr. Goldsmith owed $2,383.07 in taxes to the Town and $150.00 in monition costs. On December 27, 2018, the Sheriff posted notice that a monition sale of the property would occur on January 29, 2019. On or about January 25, 2019, Mr. Goldsmith payed the taxes and costs listed in the October 16, 2018, Monition Notice, but he failed to pay, in full, the costs and fees that the Town had incurred as it proceeded with the sale. Mr. Goldsmith's home

was sold on January 29, 2019. The sale was confirmed on February 22, 2019. The deed was recorded on May 24, 2019.[1]

A motion for reargument filed pursuant to Superior Court Civil Rule 59(e) will only be granted if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[2] Motions for reargument should not be used to rehash arguments already decided by the Court, or to present new arguments that were not previously raised.[3] Using a motion for reargument for either of these improper purposes "frustrate[s] the efficient use of judicial resources, place[s] the opposing party in an unfair position, and stymie[s] 'the orderly process of reaching closure on the issues."[4] In order for the motion to be granted, the movant must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[5] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[6]

In his motion for reargument, Mr. Goldsmith alleges that the Court erred because "the language of the Monition Notice as provided to [Mr. Goldsmith] did not contain any notice that his home would be sold if, after the twenty-day period but prior to any actual sale, he paid the taxes and fees listed in the Notice."[7] In other words, the Monition Notice failed to state that the proceeds from the sale would be used to recoup costs and fees that the Town had incurred as it moved forward with

---

[1] *Town of Camden v. Goldsmith*, 2019 WL 6186522, at *1-2 (Del. Super. Nov. 20, 2019).

[2] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006) (citing *Bd. of Managers of the Del. Criminal Justice Info. Sys. v. Gannet Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003)).

[3] *Tilghman v. Del. State Univ.*, 2012 WL 5551233, at *1 (Del. Super. Oct. 16, 2012).

[4] *Id.* (citing *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004)).

[5] *Brenner v. Village Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) (citing *E.I. duPont de Nemours Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995)).

[6] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096 at *2 (Del. Super. Jan. 25, 2017).

[7] Mr. Goldsmith's Mot. for Reargument, ¶ 5.

2

the sale, not just the original costs and fees that Mr. Goldsmith owed for failing to pay his taxes. Therefore, Mr. Goldsmith argues that he should have received additional notice that the sale was scheduled to proceed, despite the fact that he had paid the amounts listed in the Monition Notice. The Court finds that these arguments are the same as those Mr. Goldsmith raised in his original motion to set aside the Monition Sale, and therefore violate the requirements for a motion for reargument.[8]

Furthermore, Mr. Goldsmith has failed to show that the Court overlooked any controlling law or misapprehended the facts. The Court fully apprehended the facts in this case, and understood that the Monition Notice did not explicitly state that the Monition Sale would cover both outstanding taxes and fees that Mr. Goldsmith owed due his failure to pay taxes, *and* costs and fees incurred as the Town proceed to sale. However, as the Court stated in its November 20, 2019, order, "Mr. Goldsmith had twenty days from the date the Monition Notice was posted (October 16, 2018) to pay his outstanding taxes and $150.00 in monition costs. If he failed to do so, then other costs would necessarily be incurred as the Town moved to complete the monition sale."[9] Mr. Goldsmith paid the outstanding balance listed in the Monition Notice on or about January 25, 2019 – well beyond the twenty-day deadline described in the Monition Notice. Therefore, considering this fact, as well as Mr. and Mrs. Goldsmith's conversations with William Pepper, Sr.,[10] Francis Gauthier, Esquire,[11] and Jamie Fenske,[12] Mr. Goldsmith was fully informed that the sale would cover costs and fees incurred as the Town moved forward with the sale, not just the balance indicated in the Monition Notice.

---

[8] *Tilghman*, 2012 WL 5551233, at *1 (stating motion for reargument should not "merely rehash arguments already decided by the court . . .").

[9] *Camden*, 2019 WL 6186522, at *3.

[10] William Pepper, Sr., Esquire, was the Town's attorney.

[11] Francis Gauthier, Esquire, purported to represent Mr. and Mrs. Goldsmith.

[12] Jamie Fenske is the Town's Clerk.

Finally, the Court rejects Mr. Goldsmith's argument, raised for the first time in his motion for reargument, that the language of monition notices should be amended to give notice that a property may be sold to collect both outstanding taxes as well as costs and fees incurred.[13] The Court will not disturb the Monition Sale procedures that the State of Delaware has enumerated into statute[14] by adding a requirement to them, thereby usurping the General Assembly's role.

Mr. Goldsmith has failed to "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[15] Therefore, his motion for reargument is **DENIED**.

    **IT IS SO ORDERED**.

/s/ Noel Eason Primos<br>
Judge

NEP/wjs
*Sent via File & ServeXpress*
oc:    Prothonotary
       Counsel of Record

---

[13] Mot. for Reargument, ¶ 6.
[14] 9 *Del. C.* §§ 8721-8733; 10 *Del. C.* §§ 4971-4987.
[15] *Brenner*, 2000 WL 972649, at *1.